(120 App. Div. 373)

### In re WOYTISEK.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

1. ATTORNEY AND CLIENT—PROFESSIONAL MISCONDUCT.

    It is improper for an attorney to pay a sum of money as the consideration for the withdrawal of a criminal charge pending before a magistrate against his client without distinctly informing the magistrate of the circumstances.

2. SAME—DISBARMENT—GROUNDS.

    A man of little education was arrested, and taken before a magistrate, charged with petit larceny. His attorney received from him $360, with authority to settle the charge. The attorney, without the express authority of the magistrate, succeeded in settling the charge by paying to the person who made it $300, and he retained $60 for his own compensation. Held that, though the act of the attorney was censurable, it did not constitute ground for disbarment.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 55, 56.]

Application to disbar Vincent W. Woytisek, an attorney and counselor at law. Dismissed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

L. B. Treadwell, for petitioner.

Chase Mellen, for respondent.

PER CURIAM. The referee, who has had the advantage of being present at the time the evidence was given and of seeing the witnesses and hearing their testimony, has come to the conclusion that the evidence does not sustain the charges against the respondent. We are not disposed to dissent from his conclusion, and therefore confirm the report.

In announcing this conclusion, however, it is proper that we should say that, accepting the respondent's own statement, his conduct was such as to require condemnation. He induced the complainant to withdraw a charge of petit larceny, which involved only $2.50, by promising what he called restitution, received from the petitioner $360 for the purpose of settling this charge, and paid $300 of it to the person making the criminal charge, and retained $60 for his own compensation, without any ·express authority from his client to make such a settlement or to receive such a fee. From the referee's report, it appears that the petitioner, a man of low intelligence and little education, had been arrested and taken before a magistrate, charged with a crime. The money and property in his possession were taken from him by the police officers, and finally handed over to the respondent, who says that he subsequently paid it to his client, the petitioner, and again received it from his client for the purpose of making the settlement. This has all the appearance of using a criminal charge against an ignorant man for the purpose of extorting from him the settlement of a claim for which there does not appear to have been legal evidence. The respondent says that the petitioner told him that he had stolen $300 or $400, but this the petitioner denies. It is improper for an attorney to pay a sum of money as the consideration for withdrawing a criminal charge without distinctly informing the magistrate of the circumstances, and the magistrate seems to have had no recollection of any communication of that kind having been made to him.

While we think the respondent should be censured for his failure to fully instruct his client as to his rights and the nature of the charge against him, and carrying on such negotiations and compromise without the express authority of the magistrate, in view of the finding of the referee that the petitioner did authorize a settlement and paid this money to the respondent to be applied to that purpose, we have concluded that this statement of our views would be sufficient, and with it the referee's report is confirmed, and the proceeding dismissed.